**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERRI BROOKS-JOSEPH,

        Plaintiff - Appellant,

  v.

CITY OF SEATTLE; LOURDES
PODWALL; SUSAN DAVIDSON; BRITT
LUZZI; SHARON HUNTER; SEATTLE
CITY LIGHT,

        Defendants - Appellees.

No. 24-2735

D.C. No.
2:22-cv-01078-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted July 15, 2025[**]

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

     Terri Brooks-Joseph appeals pro se from the district court's summary

judgment in her action alleging federal and state claims of employment

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discrimination, whistleblower retaliation, wrongful discharge, and negligent retention and supervision. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lui v. DeJoy*, 129 F.4th 770, 776 (9th Cir. 2025). We affirm.

The district court properly granted summary judgment on Brooks-Joseph's employment discrimination claims because Brooks-Joseph failed to establish a prima facie case under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See id.* at 802 (setting forth requirements of a prima facie case).

The district court properly granted summary judgment on Brooks-Joseph's whistleblower retaliation claims because Brooks-Joseph failed to raise a genuine dispute of material fact as to whether she is a state employee for purposes of state law or whether she filed a written complaint for purposes of the local municipal code. *See* Wash. Rev. Code §§ 42.40.020(2), 42.40.050(1)(a) (Washington Whistleblower Protection Act, applying to state employees); Wash. Rev. Code § 42.41.050 (granting local governments the authority to promulgate their own whistleblower-protection processes); Seattle Municipal Code §§ 4.20.860, 4.20.870 (requiring a local government employee alleging whistleblower retaliation to file a written complaint within 180 days with the Executive Director of the Seattle Ethics and Elections Commission).

Brooks-Joseph's contention that the district court suppressed and

disregarded evidence is unsupported by the record.

All pending motions are denied.

**AFFIRMED.**